1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| ERNESTO RAMIREZ, | Case No.  1:16-cv-01217-BAM-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| KVSP WARDEN, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

17
18
19

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Pending before the Court is Plaintiff's complaint, filed on August 17, 2016.

20

## I.

21

## SCREENING REQUIREMENT

22
23
24
25
26
27

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

28

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 22, 2016.  (ECF No. 10.)

1    1915(e)(2)(B)(ii).

2         A complaint must contain "a short and plain statement of the claim showing that the

3    pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

4    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5    conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

6    Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   While a plaintiff's allegations are taken

7    as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores,

8    Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citations omitted).

9         Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10   liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,

11   342 (9th Cir. 2010)(citations omitted).   To survive screening, Plaintiff's claims must be facially

12   plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

13   named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S.

14   Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has

15   acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16   liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572

17   F.3d at 969.

18                                              **II.**

19                              **COMPLAINT ALLEGATIONS**

20        Plaintiff, an inmate in the custody of the California Department of Corrections and

21   Rehabilitation (CDCR) at the California Medical Facility at Vacaville (CMF), brings this civil

22   rights action against Defendant officials employed by the CDCR at CMF and  Kern Valley State

23   Prison (KVSP).   Plaintiff names the following Defendants: KVSP Warden; KVSP Associate

24   Warden; KVSP Investigative Services Unit (ISU) Officers; KVSP Medical Staff; D. Tarnoff,

25   C/O Corona.   Plaintiff also names CMF Defendants J. Villareal and Chief Medical Officer

26   Goodall.

27        Plaintiff's claim stems from a sexual assault in June of 2015, while Plaintiff was housed

28   at KVSP.   Plaintiff alleges that he was drugged and raped by his cellmate.   Plaintiff reported the

1   rape to Defendant C/O Corona, the C-yard Building 7 officer.   Plaintiff alleges that "after

2   explaining what happened to me and my extreme fear, the only thing that happened was my

3   attacker was moved to another cell." (ECF No. 1, p. 5.)   Plaintiff alleges that after the assault,

4   he "was constantly assaulted and had to fend for my life on a constant basis." (Id.)   Plaintiff has

5   attempted suicide, and has been hospitalized in the custody of the Department of State Hospitals.

6   Plaintiff alleges that he has been subjected to disciplinary sanctions "for fighting for my life after

7   the rape because those sworn to protect me have failed to do so."  (Id.)

8        Plaintiff alleges generally that the Defendants have failed in their responsibility to protect

9   Plaintiff.  Plaintiff alleges that Defendants collectively are in violation of the Eighth Amendment

10   because of their failure to address the continuing threats to Plaintiff's safety.  Plaintiff alleges

11   that the supervisory Defendants should have known of the danger.  Plaintiff specifically alleges

12   that the KVSP warden should have known of the dangers Plaintiff was subjected to, as Plaintiff's

13   family made the warden aware of the dangers.  Plaintiff alleges no conduct as to the CMF

14   Defendants.

15

16                           **III.**

17                     **DISCUSSION**

18     **A.**    **Eighth Amendment**

19        The Eighth Amendment protects prisoners from inhumane methods of punishment and

20   from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

21   2006).   Although prison conditions may be restrictive and harsh, prison officials must provide

22   prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v.

23   Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted).  Prison officials have a duty under

24   the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because

25   being violently assaulted in prison is simply not part of the penalty that criminal offenders pay

26   for their offenses against society.  Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem

27   v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th

28   Cir. 2005).  However, prison officials are liable under the Eighth Amendment only if they

1  demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an

2  inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to

3  act despite his knowledge of a substantial risk of serious harm. <u>Clem</u>, 566 F.3d at 1181; <u>Hearns</u>,

4  413 F.3d at 1040.  A prison official must "be aware of facts from which the inference could be

5  drawn that a substantial risk of serious harm exists and .  .  .  must also draw the inference."

6  <u>Farmer</u>, 511 U.S. at 837.  Liability may follow only if a prison official "knows that inmates face

7  a substantial risk of serious harm and disregards that risk by failing to take reasonable measures

8  to abate it." <u>Id</u>. at 837.

9        Here, Plaintiff fails to allege facts from which an inference could be drawn that any of the

10  Defendants knew of a specific harm to Plaintiff and disregarded that harm.  Plaintiff fails to

11  allege any specific conduct by any of the Defendants.  Plaintiff identifies C/O Corona as the

12  housing unit officer, and alleges that he told C/O Corona about his assault, and his cellmate was

13  moved to a cell.  There is no conduct charged to Defendant Corona that indicates deliberate

14  indifference to a substantial risk of serious harm to Plaintiff.

15        Regarding the remaining Kern Valley Defendants, Plaintiff has not alleged any facts from

16  which any of the Defendants could have inferred that Plaintiff faced a substantial risk of serious

17  harm.  That Plaintiff was raped does not, of itself, create an inference that Plaintiff was in danger

18  of a specific threat of harm.  Plaintiff does not indicate what, if any, specific information

19  Defendants were aware of that Plaintiff faced a specific threat of harm.  To state a claim,

20  Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between

21  Defendants' actions or omissions and a violation of his federal rights.  <u>Lemire v. California</u>

22  <u>Dep't of Corr. and Rehab.</u>, 726 F.3d 1062, 1074-75 (9th Cir. 2013); <u>Starr v. Baca</u>, 652 F.3d

23  1202, 1205-08 (9th Cir. 2011).  Plaintiff has not identified any specific risk that he was faced

24  with, other than his generalized allegations of assault, and has not alleged facts indicating that

25  each of the individual Defendants knew of a specific risk.  Plaintiff's conclusory allegation that

26  Defendants knew or should have known is not supported by the facts alleged in the complaint. In

27  order to hold an individual defendant liable, Plaintiff must name the individual defendant,

28  describe where that defendant is employed and in what capacity, and explain how that defendant

1   acted under color of state law.  Plaintiff should state clearly, in his or her own words, what

2   happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular

3   right described by Plaintiff.   Plaintiff has failed to do here.  This claim should therefore be

4   dismissed for Plaintiff's failure to state a claim upon which relief could be granted.   This claim

5   will, however, be dismissed with leave to file an amended complaint that corrects the

6   deficiencies identified in this order.  Plaintiff is advised that in his first amended complaint, he

7   should identify each Defendant by name.  The Court cannot order service upon unidentified

8   Defendants.

9          **B.     Supervisory Liability**

10          Plaintiff names as Defendants individuals employed in their supervisory capacity.

11   Government officials may not be held liable for the actions of their subordinates under a theory

12   of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government

13   official cannot be held liable under a theory of vicarious liability for section 1983 actions,

14   Plaintiff must plead that the official has violated the Constitution through his own individual

15   actions.  Id. at 673.  In other words, to state claim for relief under section 1983, Plaintiff must

16   link each named defendant with some affirmative act or omission that demonstrates a violation

17   of Plaintiff's federal rights.

18          **C.     CMF Defendants**

19          Plaintiff names as Defendants J. Villareal and Dr. Goodall, employees of the CDCR at

20   CMF Vacaville.  Plaintiff fails to allege any conduct by these Defendants. These Defendants

21   should therefore be dismissed.  Plaintiff is advised that CMF is located in Solano County, in the

22   Sacramento Division of the Eastern District.  Local Rule 120(d).  Venue may be raised by a court

23   sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so

24   has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).  "A civil action wherein

25   jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided

26   by law, be brought only in (1) a judicial district where any defendant resides, if all defendants

27   reside in the same state, (2) a judicial district in which a substantial part of the events or

28   omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

1  the action is situated, or (3) a judicial district in which any defendant may be found, if there is no

2  district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); <u>Costlow</u>, 790 F.2d

3  at 1488; <u>Decker Coal Co.</u>, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in

4  which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

5  interest of justice, transfer such case to any district or division in which it could have been

6  brought." 28 U.S.C. § 1406(a). Defendants Villareal and Goodall should therefore be dismissed

7  from this lawsuit.

8  ## IV.

9  ## CONCLUSION AND ORDER

10  For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may

11  be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. <u>Noll</u>

12  <u>v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this

13  suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605,

14  607 (7th Cir. 2007)(no "buckshot" complaints).

15  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

16  each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

17  <u>Iqbal</u>, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the

18  duties and responsibilities of each individual defendant whose acts or omissions are alleged to

19  have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).

20  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

21  above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

22  Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana,</u>

23  <u>Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987),

24  and must be "complete in and of itself without reference to the prior or superseded pleading,"

25  Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in

26  an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers</u>

27  <u>Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

28  Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.     Plaintiff's complaint, filed August 17, 2016, is dismissed for failure to state a claim;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **September 30, 2016**            /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE