# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KVSP WARDEN, et al.,<br><br>　　　　　Defendants. | Case No.  1:16-cv-01217-BAM-PC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 15) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (ECF No. 10.) On October 3, 2016, the Court dismissed Plaintiff's complaint, with leave to amend within thirty (30) days. (ECF No. 12.) Plaintiff filed an amended complaint on October 18, 2016. (ECF No. 13.)

　　　　Currently before the Court is Plaintiff's November 7, 2016 motion to appoint counsel, in which Plaintiff contends that he has difficulty understanding the paperwork that the Court send to him, and that he has a low TABE score, of 1.9.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1).  Mallard v. United States District Court for

the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In this case, at this time the Court does not find the requisite exceptional circumstances. At this early stage in the proceedings, the Court cannot yet determine whether there is a likelihood of success on the merits. Furthermore, although Plaintiff has not yet stated a claim, his filings thus far are comprehensible. Accordingly, Plaintiff's motion for appointment of counsel shall be denied.  Plaintiff's amended complaint will be screened in due course.

For these reasons, it is HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, filed on November 7, 2016 (ECF No. 15), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 9, 2016**         /s/ *Barbara A. McAuliffe*  
                                      UNITED STATES MAGISTRATE JUDGE